**UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| **286 WHALLEY AVE. CORP.,** | **Case No. 14-51898 (AHWS)** |
| Debtor. | |

_____

**OBJECTION OF THE UNITED STATES TRUSTEE TO
THE DEBTOR'S DISCLOSURE STATEMENT AND TO
<u>CONFIRMATION OF THE DEBTOR'S PROPOSED PLAN</u>**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), through his undersigned counsel, hereby objects to the disclosure statement and plan of reorganization filed by 286 Whalley Ave. Corp. (the "Debtor"). The Debtor's disclosure statement fails to provide adequate information as that term is defined under Section 1125 of title 11, United States Code (the "Bankruptcy Code"). The Debtor's plan proposes treatment to priority unsecured creditors that is violative of the Bankruptcy Code in the absence of an agreement to receive such treatment by the creditors. Additionally it appears that the plan is not feasible if the treatment of priority unsecured creditors is changed to comply with the Bankruptcy Code. Lastly, the plan violates the absolute priority rule. In support thereof, the United States Trustee respectfully states as follows:

**I.    FACTS**

1.    The Debtor filed a chapter 11 voluntary petition (the "Petition") on December 16, 2014 ("Petition Date"). ECF 1.    Attorney Matthew Beatman is counsel to the Debtor. ECF 25.

1

2.      As indicated on its Amended Petition, the Debtor is a small business debtor as defined in Section 101(51D). ECF 28. The Debtor operates a car wash under the name Speedy Wash & Wax. *Id.*

3.      Since the Petition Date, the Debtor has managed its affairs as a debtor in possession pursuant to Sections 1107 and 1008. No trustee or examiner has been appointed in this case. Due to a lack of creditor interest, the United States Trustee has not been able to appoint an Official Committee of Unsecured Creditors.

4.      On September 17, 2015, the United States Trustee filed a motion to dismiss or convert the Debtor's case due to continuing loss and an inability to reorganize ("Dismissal/Conversion Motion"). ECF 72. The Dismissal/Conversion Motion is currently scheduled to be heard by the Court on November 10, 2015.

5.      On October 5, 2015, the Debtor filed a disclosure statement (the "Disclosure Statement") and a chapter 11 plan of reorganization (the "Plan"). ECF 79 and 78, respectively.

6.      On October 5, 2015, the Debtor filed a motion to conditionally approve the Disclosure Statement. ECF 80. The Court granted that motion on an *ex parte* basis on October 7, 2015 and set November 6, 2015 as the deadline to object to the Disclosure Statement and the Plan. ECF 81.

## II.     ARGUMENT

### A. Disclosure Statement

Pursuant to Section 1125(b) of the Bankruptcy Code, the acceptance or rejection of plan of reorganization may not be solicited until after the court approves a disclosure statement as containing "adequate information." 11 U.S.C. § 1125(b). Adequate information is defined as:

> information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of

> the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information. . . .
>
> . . . .

11 U.S.C. § 1125(a).

Whether a disclosure statement contains the requisite "adequate information" for the court to approve it under Section 1125 is a fact specific inquiry that the court makes on a case by case basis. *See, e.g., In re Worldcom, Inc.*, 2003 WL 21498904, at *10 (S.D.N.Y. 2003); *In re Ionosphere Clubs, Inc.*, 179 B.R. 24, 29 (S.D.N.Y. 1995).

Here, the Disclosure Statement contains inadequate information as follows:

 a. <u>Absence of Disclosure of Post-petition Accounts Payable Owed by the Debtor</u>

As of the filing of the Disclosure Statement on October 5, 2015, the most recent monthly operating report ("MOR") filed by the Debtor was for the month of June 2015. ECF 71. The June 2015 MOR disclosed that the Debtor had accrued $16,039 in unpaid post-petition accounts payable. *Id*. at page 3. The Disclosure Statement failed to disclose any outstanding accounts payable, nor the ability to pay same at confirmation.

Since the filing of the Disclosure Statement, the Debtor has filed its MORs for the months of July, August and September. ECF 89 and 93. The MOR for September 2015 discloses that the Debtor still has unpaid post-petition accounts payable of $7,549.58. *See* ECF 93 at page 15. The Debtor's ending bank balance for the month of September 2015 was only $2,090.50. *See* ECF 93 at page 17. The Debtor has not disclosed how such unpaid post-petition

3

accounts payable will be paid at confirmation, nor described how creditors holding these claims have agreed to other treatment as is required by Section 1129(a)(9). ECF 79 at 8-9.

    b.    <u>Absence of Disclosure of How Debtor Will Collect Debt Owed to Debtor by its Principal</u>

The Disclosure Statement at page 4 discloses that Dominic Magnotta, a principal of the Debtor and President of the Debtor, owes the Debtor approximately $59,412.00. ECF 79 at page 4. The Disclosure Statement, however, does not discuss the efforts of the Debtor, to date, to collect the money, nor does it discuss the Debtor's future plans to collect the money. This omission needs to be remedied as Section 15.01(a) of the Plan revests all property of the Debtor in the Reorganized Debtor upon confirmation. If the Debtor included a rational and enforceable mechanism for collecting the money due from Mr. Magnotta in the Disclosure Statement and Plan, the feasibility of the Plan would be greatly enhanced. Such a mechanism, however, is currently absent from the Disclosure Statement and Plan.

    c.    <u>Apparent Violation of Section 1129(a)(9)</u>

The Disclosure Statement at Section 10.2 on page 9 proposes treatment for priority tax claims that violates Section 1129(a)(9) in that the payments go well beyond five years from the Petition Date of December 16, 2014. ECF 79 at page 9. The proposed treatment is five years of payments with interest at the statutory rate commencing on the Distribution Date – that date being 75 days after the Court enters a confirmation order (assuming no appeal is taken). If the Court were to confirm the Plan on November 10, 2015 at the currently scheduled confirmation hearing, the payments would begin on January 25, 2016 and go for five years from then to January 24, 2020. This treatment violates Section 1129(a)(9) because the creditors will not be paid in full within 5 years of the Petition Date such that payments to the taxing authorities are completed by December 15, 2019.

4

The Disclosure Statement is silent on whether the four creditors holding priority tax claims have agreed to this treatment. Upon information and belief, the Connecticut Departments of Revenue and Labor may have agreed to such alternative treatment. Absent affirmative agreements from each creditor for treatment different than that required under Section 1129(a)(9), however, the Plan violates Section 1129(a)(1) because the Plan does not comply with applicable sections of the Bankruptcy Code, namely Section 1129(a)(9). If the Plan is revised to comply with 1129(a)(9), the Plan is likely not feasible based upon its own projections and slim profit margins.

### B. Plan

The Plan, as discussed *infra*, is unconfirmable because it violates Section 1129(a)(9) by failing to pay priority tax creditors in full within 5 years of the Petition Date. Absent affirmative agreements from each creditor for treatment different than that required under Section 1129(a)(9), which are missing from the Plan, the Plan is unconfirmable under Section 1129(a)(1) because the Plan does not comply with applicable sections of the Bankruptcy Code, namely Section 1129(a)(9). If the Plan is revised to comply with 1129(a)(9), the Plan is likely not feasible based upon its own projections and slim profit margins.

An additional feasibility issue is presented by the MOR for September 2015 that discloses that the Debtor has unpaid post-petition accounts payable of $7,549.58. *See* ECF 93 at page 15. The Debtor's ending bank balance for the month of September 2015 was only $2,090.50. *See* ECF 93 at page 17. The Debtor has not disclosed how the Debtor has the ability to pay such unpaid post-petition accounts payable at confirmation, nor described how creditors holding these claims have agreed to other treatment.

Lastly, the Plan also appears to violate the absolute priority rule by providing that the equity holders are going to keep their interests in the Debtor (Plan at Class 5) while failing to pay unsecured creditors in full.  ECF 78 at page 10; *Bank of America National Trust and Savings Assn. v. 203 North LaSalle Street Partnership*, 526 U.S. 434 (1999).  To the extent that a new value exception to this rule exists, the Plan fails to satisfy that because the equity holders do not propose to contribute any money to pay for the retention of their equity.  Because the plan violates the absolute priority rule, it is unconfirmable.

### III.  CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court (i) sustain the Objection, (ii) deny confirmation of the Debtor's Plan, and (iii) grant such other relief as is just and appropriate.

Dated: November 6, 2015　　　　　　　　　　Respectfully submitted,
　　　　New Haven, Connecticut

　　　　　　　　　　　　　　　　　　　　　　WILLIAM K. HARRINGTON
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES TRUSTEE FOR REGION 2

　　　　　　　　　　　　　　　　　　　By:　/s/ Holley L. Claiborn
　　　　　　　　　　　　　　　　　　　　　　Holley L. Claiborn 17216
　　　　　　　　　　　　　　　　　　　　　　Trial Attorney
　　　　　　　　　　　　　　　　　　　　　　Office of the United States Trustee
　　　　　　　　　　　　　　　　　　　　　　Giaimo Federal Building, Room 302
　　　　　　　　　　　　　　　　　　　　　　150 Court Street
　　　　　　　　　　　　　　　　　　　　　　New Haven, CT 06510
　　　　　　　　　　　　　　　　　　　　　　(203) 773-2210

## **CERTIFICATE OF SERVICE**

**T**his certifies that a copy of the United States Trustee's Objection To The Debtor's Disclosure Statement and the Debtor's Plan was served on all parties listed below via the Electronic Case Filing System maintained by this Court as noted below.

On November 6, 2015, Via ECF :

- Matthew K. Beatman    MBeatman@zeislaw.com
- Jessica Grossarth     jgrossarth@pullcom.com, mdean@pullcom.com, rmccoy@pullcom.com
- Maria A. Santos    maria.santos@ct.gov

        /s/ Holley L. Claiborn
        Holley L. Claiborn